1  W. WEST ALLEN
   Nevada Bar No. 5566
2  LEWIS ROCA ROTHGERBER CHRISTIE LLP
   3993 Howard Hughes Parkway, Suite 600
3  Las Vegas, Nevada   89169
   Telephone: (702) 949-8230
4  Facsimile: (702) 949-8364
   E-mail: wallen@lrrlaw.com
5
   KOLISCH HARTWELL, P.C.
6  SHAWN J. KOLITCH (*Pro Hac Vice Pending*)
   Oregon State Bar No. 063980
7  200 Pacific Building
   520 S.W. Yamhill Street
8  Portland, OR 97204
   Telephone: (503) 224-6655
9  Facsimile: (503) 972-9115
   E-mail: shawn@khpatent.com
10
   *Attorneys for Plaintiff*
11 *Future Motion, Inc.*

12               UNITED STATES DISTRICT COURT

13                     DISTRICT OF NEVADA

14
   FUTURE MOTION, INC.,                 Case No.: 2:16-CV-00013-MMD-CWH
15
              Plaintiff,                **DECLARATION OF SHAWN J.**
16                                       **KOLITCH IN SUPPORT OF**
         v.                              **PLAINTIFF'S EMERGENCY MOTION**
17                                       **FOR AN EX PARTE TEMPORARY**
                                         **RESTRAINING ORDER, SEIZURE**
18 CHANGZHOU FIRST INTERNATIONAL        **ORDER AND PRELIMINARY**
   TRADE CO.,                            **INJUNCTION**
19
              Defendant.
20

21

22      I, Shawn J. Kolitch, declare as follows:

23      1.      I represent Future Motion, Inc. ("Future Motion"), the plaintiff in this action.  I am

24 admitted and in good standing to practice law in the State of Oregon and the State of Arizona, as well

25 as before the United States District Court for the District of Oregon and the United States Patent and

26 Trademark Office ("USPTO").  My *pro hac vice* application in the present action is pending before

27 this Court.

28

2.      I make this declaration in support of Future Motion, Inc.'s Motion for a Temporary Restraining Order, Seizure Order and Preliminary Injunction.  The statements I make in this declaration are based on my personal knowledge, observations, and experience, unless otherwise noted. I am qualified and willing to testify to the matters stated below.

3.      I investigated the corporate identity and U.S. presence of Changzhou First International Trade Co., Ltd. ("Changzhou"), the defendant in this action, by searching for corporations of that name registered with the Secretary of State of various states, including Delaware, Nevada, California, Oregon and New York.  Other than its announced presence at the 2016 CES show in Las Vegas, I have been unable to find any corporate presence for Changzhou in the United States.

4.      Attached as Exhibit 1 to my declaration is a true and correct copy of a demand letter dated December 28, 2015 that I sent to Changzhou via email and FedEx on that same day.  I sent the letter to the email address leo@changzhou-first.com and to the postal address Longyu Western Road No. 28, Wujin, Changzhou, China, both of which are provided on Changzhou's website http://www.cz-first.com/about/?107.html.  The last page of Exhibit 1 is an email confirmation message indicating that the FedEx copy of the letter was received by Changzhou on January 4, 2016. My December 28 email attaching the letter did not bounce back, and as far as I know it was received by Changzhou.

5.      Future Motion owns U.S. Patent No. 9,101,817 ("the '817 patent") and U.S. Patent No. D746,928 ("the '928 patent"), and is listed as the patent owner on the first page of each of these patents as well as in USPTO assignment records.  In addition, Future Motion owns three other pending U.S. patent applications directed to its ONEWHEEL® technology, several pending foreign patent applications covering the product, and numerous trademark registrations and pending applications for ONEWHEEL® and related trademarks in the United States and eight other countries.

6.      The '928 patent claims an ornamental design for a one-wheeled vehicle, and covers Future Motion's ONEWHEEL® product.  USPTO issued the '928 patent on January 5, 2016 after

7192737_1

2

1  finding it to meet the requirements for patent protection, and the inventor assigned the patent to

2  Future Motion.

3        7.    To my knowledge, the validity of Future Motion's rights in the ornamental design

4  claimed by the '928 patent has never been challenged by any third party.

5        8.    The claims of the '817 patent are directed to a one-wheeled, self-balancing electric

6  vehicle with lights at each end of the board that change colors automatically when the board

7  changes its direction of motion.  The '817 patent covers Future Motion's ONEWHEEL® product.

8  USPTO issued the '817 patent on August 11, 2015 after finding it to meet the requirements for

9  patent protection, and the inventor assigned the patent to Future Motion.

10        9.    To my knowledge, the validity of Future Motion's rights in the invention claimed

11  by the '817 patent has never been challenged by any third party.

12        10.    I have investigated the Internet presence of Changzhou, particularly with respect to

13  Changzhou's on-line marketing channels for the accused products in this action.  Changzhou

14  publishes a company website where it advertises the infringing products, www.cz-first.com.

15  Attached as Exhibit 2 to my declaration is a true and correct copy of a publicly available page I

16  downloaded from this website on December 31, 2015, which advertises and describes

17  Changzhou's accused "Surfing Electric Scooter" product.

18        11.    Changzhou also uses the Chinese e-commerce website Alibaba.com to advertise

19  and sell the products.  Attached as Exhibit 3 to my declaration is a true and correct copy of a

20  publicly available page I downloaded from the Alibaba.com website on December 30, 2015,

21  which advertises and describes Changzhou's accused "Surfing Electric Scooter" product.

22        12.    The Alibaba.com website makes certain transaction data public for products sold

23  through the site.  Attached as Exhibit 4 to my declaration is a true and correct copy of a publicly

24  available page I downloaded from the Alibaba.com website on December 30, 2015, which shows

25  2015 transaction data for sales of the accused "Surfing Electric Scooter" through Alibaba.com.

26        13.    The transaction data shown in Exhibit 4 indicates that in 2015, Changzhou sold the

27  infringing products in three separate transactions with a total value greater than $70,000.  The data

28

3

1  also shows that one of the transactions was to a customer in Iceland, one was to a customer in

2  Germany, and one was to a customer in the United States.

3        14.    In preparing Table 1 of the motion supported by this declaration, I obtained images of

4  Future Motion's ONEWHEEL® product from the Future Motion website and other publicly

5  available Internet sources.  The images of the ONEWHEEL® product shown in Table 1 are all

6  true and correct representations of the product.

7        15.    The instructional images shown and compared in the motion supported by this

8  declaration are true and correct images that I excerpted respectively from Future Motion's owner's

9  manual for the ONEWHEEL® product (*See* concurrently filed Doerksen Decl., Ex. 2) and from

10  Exhibit 3, p. 5 to this declaration.

11        16.    On January 4, 2016, I discovered that Changzhou had added a news item to its

12  website entitled "The Invitation Letter of 2016 CES" announcing their planned exhibition of the

13  accused "Surfing Electric Scooter" product at CES booth No. S2-25436 and stating that

14  Changzhou is "very much expecting to establish a long term and good business relationship" with

15  visitors to the booth.  Attached as Exhibit 5 to my declaration is a true and correct copy of this

16  news item that I downloaded from http://www.cz-first.com/content/?491.html.   On information

17  and belief, this new page was added to the Changzhou website on or after December 31, 2015.

18        17.    With permission and cooperation from the CES legal department, on January 6,

19  2016 I visited the Changzhou booths at the CES show and observed that Changzhou is in fact

20  exhibiting the "Surfing Electric Scooter" product at CES booth no. S2-25436.  I observed at least

21  four or five of the products on display, banners advertising the product, and videos showing the

22  product being used.  I also observed that product literature was being freely distributed to visitors

23  to the booth.  The product being shown and advertised appears to be precisely the product Future

24  Motion has accused of patent infringement in this action.

25        18.    Attached as Exhibit 6 to my declaration are true and correct copies of photographs I

26  took of CES booth no. S2-25436 on January 6, 2016 showing the "Surfing Electric Scooter"

27  product along with related banners and advertising.

28

7192737_1

1       19.      Attached as Exhibit 7 to my declaration is a true and correct copy of a product

2 brochure given to me by Natasha Zhou at CES booth no. S2-25436 on January 6, 2016, describing

3 the "Surfing Electric Scooter" product.   Ms. Zhou represented herself as an employee of

4 Changzhou.

5

6       I declare under penalty of perjury under the laws of the United States of America that the

7 foregoing is true and correct.

8

9       Executed on January 6, 2016, at Las Vegas, Nevada.

10

11                 Shawn J. Kolitch, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28