W. WEST ALLEN
Nevada Bar No.: 5566
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8230
Facsimile: (702) 949-8364
E-mail: wallen@lrrlaw.com

KOLISCH HARTWELL, P.C.
SHAWN J. KOLITCH (*Pro Hac Vice Pending*)
Oregon State Bar No. 063980
200 Pacific Building
520 S.W. Yamhill Street
Portland, OR 97204
Telephone: (503) 224-6655
Facsimile: (503) 972-9115
E-mail: shawn@khpatent.com

*Attorneys for Plaintiff*
*Future Motion, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FUTURE MOTION, INC., | Case No.: 2:16-cv-0013-MMD-CWH |
| Plaintiff, | |
| v. | **CERTIFICATION OF W. WEST ALLEN, ESQ. IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR AN *EX PARTE* TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND PRELIMINARY INJUNCTION** |
| CHANGZHOU FIRST INTERNATIONAL TRADE CO., LTD., | |
| Defendant. | |

Pursuant to the Federal Rules of Civil Procedure, Rule 65, the Patent Act, 35 U.S.C. § 283, and Local Rule 7-5, Plaintiff Future Motion, Inc. ("Future Motion") has moved *ex parte* for a Temporary Restraining Order, a Seizure Order and a Preliminary Injunction to be issued against Defendant Changzhou First International Trade Co., Ltd. ("Changzhou").

Pursuant to Fed. R. Civ. P. 65 and L.R. 7-5, Future Motion, by and through its undersigned attorney of record, W. West Allen, Esq. and the law firm of Lewis Roca Rothgerber LLP, and Shawn J. Kolitch (pro hac vice application pending and the law firm of Kolisch

7193030_1

Hartwell, P.C., hereby submits the following Certification of W. West Allen, Esq. (the "Certification") in support of Future Motion's Emergency *Ex Parte* Motion for a Temporary Restraining Order, Seizure Order and Motion for Order to Show Cause and Preliminary Injunction (the "Motion").

Pursuant to Fed. R. Civ. P. 65(b)(1), Future Motion has set forth in both the Declaration of Kyle J. Doerksen and the Declaration of Shawn J. Kolitch, attached to the Motion as Exhibits A and B, and incorporated herein by reference, facts indicating the immediate and irreparable injury, loss, damage, and harm that will result to Future Motion in the absence of an *ex parte* temporary restraining order and a seizure order in this action.

Pursuant to Fed. R. Civ. P. 65(b)(1)(B) and LR 7-5, I certify that Future Motion seeks an *ex parte* temporary restraining order, on an emergency basis, so that Defendant Changzhou cannot create a substantial impediment to Future Motion's ability to enforce its intellectual property rights identified in the Complaint, by continuing to offer infringing products for sale, in violation of Future Motion's patent rights, at the 2016 International CES trade show that will be held in Las Vegas, Nevada From January 6-9, 2016.

As described in the accompanying Declaration of Shawn J. Kolitch, in a letter dated December 28, 2015, Future Motion attempted to give notice to Changzhou of its infringement and the likelihood of Future Motion's court action, including the likelihood that Future Motion would seek a temporary restraining order unless Changzhou voluntarily withdrew its "Surfing Electric Scooter" product from the CES show and the U.S. market. This notice was sent to Changzhou at the email address and the postal address provided by Changzhou on its website. Changzhou has not responded.

Defendant is currently exhibiting and offering for sale its infringing products at the CES show, thereby infringing Future Motion's patent rights in a highly public industry forum. Further notice to Changzhou should not be required, because this would delay any injunctive relief beyond

7193030_1                                              2

the dates of the CES show, at which point Future Motion will have been irreparably harmed through unfair competition from the infringing Changzhou products, resulting in unquantifiable loss of market share, as well as irreparable damage to Future Motion's reputation and goodwill among consumers and the media. Furthermore, Changzhou has no known corporate presence in the U.S., so as a practical matter, any relief provided after the CES show will likely not be felt by Changzhou or affect its operations. Future Motion is requesting a preliminary injunction hearing at the Court's earliest convenience, so that the *ex parte* temporary restraining order will have a limited and finite effect on Defendant prior to an opportunity to be heard on the merits.

If Defendant is not restrained as requested in Future Motion's request for *ex parte* relief, Future Motion would be deprived of its intellectual property, and its ability to enforce its intellectual property rights against Defendant. That is, for the duration of the CES trade show Defendant will be permitted to engage in the very infringing activity of which Future Motion complains and for which Future Motion seeks relief, such that Future Motion's immediate enforcement of its intellectual property rights will be substantially curbed and Future Motion will be significantly damaged. Accordingly, this Court should enter an *ex parte* temporary restraining order and seizure order in accordance with the [Proposed] Temporary Restraining Order and Seizure Order attached to the Motion as Exhibit D, to provide Future Motion immediate and limited protection until such time as this Court sets a contested hearing on Future Motion's request for preliminary injunctive relief. In so doing, this Court will preserve the *status quo ante* and recognize Future Motion's rights.

If the Court delays injunctive relief by providing formal notice to Defendant and an opportunity to be heard in advance of any relief, there is a high risk that Defendant will leave the United States and fail to appear in this action, after causing unquantifiable irreparable harm to Future Motion through its actions at the CES show. Further, if Defendant is given advance notice of a TRO or seizure order, there is a likelihood that Defendant will temporarily conceal its

7193030_1                                    3

infringing activities at CES, only to resume those activities when the immediate threat has passed. Accordingly, Future Motion believes that providing such notice to Defendant would largely defeat the purpose of seeking relief. Therefore, I believe that good cause exists for submitting the motion without formal notice to Defendant, and that this Court should not require Future Motion to provide formal notice to Defendant prior to a hearing on Future Motion's request for entry of an *ex parte* temporary restraining order.

Future Motion may be contacted through the addresses and telephone numbers of its counsel as set forth below. To the best of Future Motion's knowledge, Changzhou's office and postal address is as follows:

> Changzhou First International Trade Co., Ltd.
> Longyu Western Road No. 28
> Wujin, Changzhou
> China
> Phone: 86-0519-81291669
> Email: leo@changzhou-first.com

Because Future Motion requests the entry of a temporary restraining order on an *ex parte* basis, pursuant to LR 7-5(d)(3) Future Motion has not made personal consultation with a representative or counsel for Defendant to resolve the issuance of an *ex parte* temporary restraining order without Court action because, as Future Motion sets forth herein and in its moving papers, the nature of the instant emergency and Changzhou's lack of response to Future Motion's demand letter precludes such consultation.

Dated this 6th day of January, 2016.

_____
W. West Allen

7193030_1

4