W. WEST ALLEN
Nevada Bar No.: 5566
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8230
Facsimile: (702) 949-8364
E-mail: wallen@lrrlaw.com

KOLISCH HARTWELL, P.C.
SHAWN J. KOLITCH (*Pro Hac Vice Pending*)
Oregon State Bar No. 063980
200 Pacific Building
520 S.W. Yamhill Street
Portland, OR 97204
Telephone: (503) 224-6655
Facsimile: (503) 972-9115
E-mail: shawn@khpatent.com

*Attorneys for Plaintiff*
*Future Motion, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FUTURE MOTION, INC., | Case No.: 2:16-cv-00013-MMD-CWH |
| Plaintiff, | **[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR AN *EX PARTE* TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND SETTING HEARING DATE FOR MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| CHANGZHOU FIRST INTERNATIONAL TRADE CO., LTD., | |
| Defendant. | |

Plaintiff Future Motion, Inc. ("Future Motion") has moved *ex parte* for a Temporary Restraining Order, Seizure Order and a Preliminary Injunction, pursuant to Federal Rules of Civil Procedure, Rule 65, the Patent Act, 35 U.S.C. § 283, and Local Rule of Civil Practice 7-5. Future Motion alleges that Defendant Changzhou First International Trade Co., Ltd. ("Changzhou") is distributing, promoting, and offering to sell products branded as "Surfing Electric Scooter,"

7192876_1

including at the 2016 International Consumer Electronics Show ("CES") in Las Vegas, Nevada, which infringe Future Motion's U.S. Patent No. D746,928 ("the '928 patent") and U.S. Patent No. 9,101,817 ("the '817 patent"). Future Motion further alleges that Defendant has willfully copied Future Motion's patented technology and product design, and that Future Motion will be irreparably harmed if the Court does not provide immediate injunctive relief to stop Defendant's infringing activities.

## FINDINGS AND CONCLUSIONS

The Court, having duly considered Future Motion's Complaint, Emergency Motion and Supporting Memorandum for Entry of Temporary Restraining Order, Seizure Order and Preliminary Injunction, declarations and exhibits submitted therewith, makes the following preliminary findings and conclusions:

1. This Court has jurisdiction over this matter and over the Defendant. In addition, this Court is a proper venue for this action and the Defendant has been properly served or will be served as discussed more fully herein.

2. Future Motion is likely to succeed in showing that the '928 patent that is appended to the Complaint as Exhibit A, is owned by Future Motion, is valid, and is enforceable, and that Defendant has promoted and is making, offering for sale, selling and/or importing into the United States products that infringe the '928 patent.

3. Further, Future Motion is likely to succeed in showing that the '817 patent that is appended to the Complaint as Exhibit B, is owned by Future Motion, is valid, and is enforceable, and that Defendant has promoted and is making, offering for sale, selling and/or importing into the United States products that infringe the '817 patent.

7192876_1

4. Specifically, Future Motion is likely to succeed on their patent infringement claims against Defendant's "Surfing Electric Scooter" products and colorable imitations thereof (the "Accused Products").

5. It appears to the Court that Defendant is a China-based manufacturer of commercial products and, with the exception of its temporary presence in the United States during the 2016 CES show, does not have a regular place of business or assets in the United States. Further, Defendant is likely to offer the infringing products for sale at the CES show, and then leave the United States. It also appears likely that, absent a grant of the requested relief, Defendant will use its efforts at CES to fulfill orders, import the infringing products, and sell those products to customers in the United States.

6. Absent an *ex parte* temporary restraining order, Defendant's promotion and offers for sale of the Accused Products will result in immediate and irreparable injury to Future Motion in the form of lost market share, loss of control over its valuable intellectual property rights, loss of consumer goodwill, and interference with Future Motion's ability to exploit the '928 patent and the '817 patent. Further, because Defendant has no apparent presence in the United States, it may be difficult or impossible for Future Motion to recover a monetary judgment against Defendant.

7. It appears to the Court based on Future Motion's representations that Future Motion has made reasonable efforts to notify Defendant of its infringement and the likelihood that Future Motion would seek court intervention, but that Defendant has not responded to Future Motion's communications.

8. The harm to Future Motion in denying the requested temporary restraining order outweighs the harm to the legitimate interests of Defendant from granting such relief.

9. The public interest weighs in favor of granting Future Motion the requested temporary restraining order.

7192876_1

10.     Defendant is currently exhibiting products evidencing Defendant's willful patent infringement alleged in the Complaint at the CES show taking place Jan. 6-9 in Las Vegas, Nevada. To prevent irreparable harm to Future Motion, the Court believes it is appropriate to prevent Defendant from exhibiting and offering for sale these products at the CES show.  Because of the timing of the show this week, this relief can only be granted immediately and on an emergency basis, without delaying to provide formal notice and an opportunity to appear to Defendant.

## **TEMPORARY RESTRAINING ORDER**

**IT IS HEREBY ORDERED** that pending a decision by the Court on Future Motion's application for preliminary injunction, Defendant and its officers, agents, servants, employees, and attorneys, and all other persons acting in active concert or participation with any of them, are hereby immediately, temporarily restraining from infringing Future Motion's '928 patent or '817 patent at the CES show in Las Vegas Nevada from January 6-9, 2016. Specifically, Defendant is hereby temporarily restrained from:

1. Making, using, selling, offering to sell, and importing into the United States commercial products that infringe U.S. Design Patent No. D746,928 or U.S. Patent No. 9,101,817, and colorable imitations thereof, including but not limited to Defendant's "Surfing Electric Scooter" products, by (a) offering to sell or selling such products to customers in the United States in any manner, or (b) offering to sell or selling such products at CES in Las Vegas, Nevada from January 6-9, 2016;

2. Processing any payment (regardless of how the payment is made) for the sale of any of the accused products identified or encompassed by paragraph 1 above;

3. Transferring, moving, returning, destroying, or otherwise disposing of (a) any of the accused products identified or encompassed by paragraph 1 above, or (b) any other evidence of Defendant's illegal activities, including, without limitation, documents in any form or format

7192876_1

and any portable media device (such as, but not limited to, CDs, DVDs, flash drives, cell phones, PDAs, hard disk drives, laptop computers, and memory cards), relating to infringement of Future Motion's U.S. Design Patent No. D746,928 or U.S. Patent No. 9,101,817, except pursuant to the Seizure Order below (collectively, "Evidence").

**IT IS HEREBY FURTHER ORDERED** that, in accordance with the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any web hosting company, domain name registry, and/or domain name registrar having notice of the Court's Order must (1) take any and all action necessary to remove the infringing products from websites having content controlled by Defendant, or alternatively to disable access to the website; and (2) provide notice of compliance to Future Motion's counsel within ten (10) business days of receipt of notice of this Order.

**IT IS HEREBY FURTHER ORDERED** that Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order.

## SEIZURE ORDER

**IT IS HEREBY ORDERED** that Evidence (as defined above in paragraph 3 of the Court's Temporary Restraining Order) shall be seized by the United States Marshals Service, assisted by one or more attorneys or representatives of Future Motion, at any booth rented or occupied by Defendant at CES as soon as practicable during the period of January 6-8, 2016.  The United States Marshals Service may use all reasonable force in conducting the seizure and may open doors, locks, boxes, briefcases, and containers of any type or nature to locate and identify Evidence to be seized. Attorneys and other representatives of Future Motion must accompany the United States Marshals Service during the seizure to identify the Evidence to be seized. Future Motion counsel must itemize and take possession of the seized Evidence, provide a copy of the inventory to the United States Marshals Service, and file the inventory with the Court.  In addition, Future Motion's counsel may

7192876_1

record the contents of Defendant's CES booth(s) and Evidence by photographic, audio, and/or videographic means during the seizure action. The United States Marshals Service shall not retain custody of seized Evidence but shall ensure that the Evidence is placed in the custody of Future Motion's counsel. Future Motion agrees to indemnify the United States Marshals Service and hold it harmless from any suit, claim, cause of action, damage, loss or injury arising from the execution of the seizure described in this Order. Additional official(s) representing Future Motion, Inc. may effectuate or assist with this Order as may be required.

**IT IS HEREBY FURTHER ORDERED** that Defendant must provide any passwords necessary to access any electronically stored documents or electronic devices containing Evidence.

**IT IS HEREBY FURTHER ORDERED** that access to any seized Evidence will be limited to Future Motion's outside counsel and contractors retained by Future Motion's outside counsel to copy, image and translate such evidence until five (5) days after entry of this Order, or as otherwise ordered by the Court, to enable Defendant the opportunity to respond and seek an appropriate protective order with respect to any confidential information or trade secrets.

## ADDITIONAL ORDERS

**IT IS HEREBY FURTHER ORDERED** that Future Motion shall deposit with the Clerk of the Court the amount of TEN THOUSAND UNITED STATES DOLLARS ($10,000) pursuant to LR 65.1-2 to serve as sufficient security for the payment of any damages Defendant may be able to recover as a result of a wrongful seizure. To the extent Defendant believes that additional security is necessary pursuant to Rule 65(c), Defendant shall file an application to the Court and provide notice to counsel for Future Motion by __January 11, 2016__.

**IT IS HEREBY FURTHER ORDERED** that a preliminary injunction hearing is set for January, __14__, 2016, at the hour of __2:30 p.m.__, in Courtroom __4A__ before the Honorable __Miranda M. Du__.

7192876_1

1   Defendant shall file and serve any opposition to Future Motion's motion for a preliminary
2   injunction by January ___11___, 2016.
3   Future Motion shall file and serve any reply in support of their motion for a preliminary
4   injunction by ___13_____, 2016.

**IT IS HEREBY FURTHER ORDERED** that this Order and the Summons and Complaint (and all supporting documents) must be served upon Defendant in person, if found at the 2016 International CES show, and by other means reasonably calculated to give Defendant notice of this action, which shall include (a) via e-mail to the e-mail address provided by Defendant on its website (http://cz-first.com/): leo@changzhou-first.com, and (b) via international FedEx to the postal address provided by Defendant on its website: Longyu Western Road No. 28, Wujin, Changzhou, China.

**IT IS SO ORDERED:**

_____
**UNITED STATES DISTRICT JUDGE**

Dated: January 6, 2016

LEWIS ROCA ROTHGERBER CHRISTIE LLP,

_____/s/ W. West Allen_____
W. West Allen
Nevada Bar No.: 5566
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169

KOLISCH HARTWELL, P.C.
SHAWN J. KOLITCH (*Pro Hac Vice Pending*)
Oregon Bar No. 063980
200 Pacific Building
520 S.W. Yamhill Street
Portland, Oregon  97204

*Attorneys for Plaintiff*
*Future Motion, Inc*.

7192876_1