UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FUTURE MOTION, INC, <br><br>   Plaintiff, <br> v. <br><br> CHANGZHOU FIRST INTERNATIONAL TRADE CO., LTD., <br><br>   Defendant. | Case No. 2:16-cv-00013-MMD-CWH <br><br> ORDER <br><br> (Defs' Motion for Attorney Fees and Costs – ECF No. 39) |

**I.   SUMMARY**

Plaintiff Future Motion, Inc. ("Future Motion") voluntarily dismissed this case after obtaining an ex parte temporary restraining order. Before the Court is Defendant Changzhou First International Trade Co., Ltd.'s ("Changzhou") Motion for Attorney Fees, Costs, and Damages ("Motion"). (ECF No. 39.) The Court has reviewed Future Motion's response and Changzhou's reply. (ECF Nos. 42, 47.) For the reasons stated below, the Motion is denied.

**II.   BACKGROUND**

Plaintiff Future Motion filed suit in this Court asserting two claims for patent infringement against Changzhou. (ECF No. 1) The patents at issue — a design patent and a utility patent — concerned an electronic self-balancing skateboard ("Board"). On January 6, 2016, Future Motion filed an *ex parte* motion for a temporary restraining order ("TRO") restraining Changzhou from exhibiting and selling their allegedly infringing product at the 2016 Consumer Electronics Show ("CES") in Las Vegas. (ECF No. 8.)

After a hearing in which it found Future Motion's claims were likely to succeed on the merits and that a TRO was necessary to prevent immediate and irreparable injury, the Court granted Future Motion's request and issued an order temporarily enjoining Changzhou from promoting and selling their purportedly infringing product, as well as an order for the U.S. Marshalls to seize any evidence located at Changzhou's CES booth. (ECF Nos. 10, 11.) Pursuant to Rule 65.1, Future Motion was ordered to provide a $10,000 security for damages Changzhou might recover as the result of a wrongful seizure. (ECF No. 11 at 6.)  The Court further ordered service of the TRO Motion on Changzhou and set an expedited briefing schedule and a hearing for January 14, 2016. (ECF No. 10.)  Changzhou moved to extend the briefing schedule for the reply brief to be filed by February 5, 2016, agreeing to extend the TRO.  (ECF No. 19.)

On February 4, 2016, Future Motion filed a notice of voluntary dismissal. (ECF No. 35.) On February 5, 2016, the Court issued a minute order directing the Clerk to close the case. (ECF No. 36.)

Changzhou now asks the Court to reopen the case for the limited purpose of granting a security of $100,000 to compensate it for damages, $217,628.21 in attorney fees, an order directing Future Motion to issue a press release stating that it dismissed the case, and an order dissolving the TRO. (ECF No. 39 at 4.)

**III.   DISCUSSION**

**A.     Jurisdiction**

Future Motion argues that after a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(i), the Court no longer has jurisdiction over the dismissed claims. (ECF No. 42 at 5.) Changzhou responds that it is not asking the Court to rule on the merits of the claims, and therefore the Court retains jurisdiction to grant the relief it seeks. (ECF No. 45 at 9.)

A plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary

///

judgment." Fed. R. Civ. Pro. 41(a)(1)(A)(i). The Ninth Circuit has described the effect of such a dismissal as follows:

> The [filing of a Rule 41(a)(1)(i) notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.

*Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) (quoting *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Circ. 1993)).  However, a dismissal under Rule 41(a)(1)(A)(i) does not deprive the district court of jurisdiction over the issue of attorney's fees and costs. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395-96 (1990).

Though the Ninth Circuit has not addressed whether a district court also retains jurisdiction to determine if a defendant is owed a security under Rule 65(c), the Second Circuit recently addressed the issue. In *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128 (2d Cir. 2014), the Second Circuit applied *Cooter & Gell* and held that recovering a Rule 65(c) security following a voluntary dismissal is collateral in the same way recovering attorney's fees is collateral. The court acknowledged that resolving whether a party was wrongfully restrained and entitled to the security may touch on the merits of the underlying claim, but reasoned that a determination that a party is entitled to attorney's fees may do the same. *Id.* at 134. Ultimately the court reasoned that the underlying goals of Rules 41(a)(1) and 65(c) were served by allowing a defendant the opportunity to seek recovery of the security by motion and through a summary proceeding. *Id.*

This Court finds the Second Circuit's reasoning persuasive and adopts it here. Future Motion is correct that this Court has not made a finding that Changzhou was improperly restrained. In fact, the only ruling this Court has made is that Future Motion showed a likely chance of success on the merits. But interpreting Rule 65 and the voluntary dismissal rule to allow a party to voluntarily dismiss their case shortly after

obtaining an ex parte temporary restraining order would open a legal avenue ripe for abuse. The reasoning of *U.S. D.I.D.* applies equally to an action, like this one, where the plaintiff voluntarily dismissed before the Court had an opportunity to find the TRO improper through an adversarial proceeding. Allowing a defendant to at least argue that the restraint was improper and sought in bad faith, and they are therefore entitled to the security, provides some protection against abuse of the preliminary injunctive relief process. As the Second Circuit noted, "[d]iscouraging abuse of TROs is particularly important given the drastic character of the remedy, which may be issued in an ex parte proceeding in which the restrained party lacks the opportunity to be heard." *Id.* at 135 (internal citations and quotes omitted).

For these reasons, the Court finds that it has jurisdiction to address Changzhou's request for attorney's fees and recovery of the security posted by Future Motion after Future Motion filed its notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(i).

## B.   Enhanced Security under Red. R. Civ. P. 65(c)

Changzhou argues that the sole purpose of Future Motion's motion for a TRO was to improperly prevent Changzhou from exhibiting at CES. (ECF No. 39 at 1-2.) Changzhou further argues that Future Motion had "full knowledge" that the patents at issue were invalid. (*Id.* at 2.) In support of this assertion, Changzhou contends that Future Motion did not inform the Court about its own prior art disclosures of its product. (*Id.* at 3.)

Future Motion denies Changzhou's claims and argues its suit was meritorious and is simply voluntarily dismissed after a cost benefit analysis. (ECF No. 42 at 3-5.) Future Motion argues that the substance of both Changzhou's design and utility patent infringement defenses are weak and, at best, not enough to show that Future Motion's claim was frivolous. (ECF No. 42 at 15.) The Court agrees with Future Motion. The defenses may be tenable, but standard legal defenses are not evidence that Future Motion acted in bad faith or failed to carry about a reasonable inquiry before filing suit.

///

### 1. Design Patent

Changzhou's Motion references the arguments presented at length in its opposition to Future Motion's Motion for a Preliminary Injunction. In that earlier brief, Changzhou argues that internet videos and other postings show prior art that "at a minimum, raise a substantial question of invalidity that will likely be proven upon further discovery in the normal course." (ECF No. 24 at 25.) Changzhou also argues that its design is "plainly dissimilar" and that an ordinary observer would recognize significant differences between its product and Future Motion's, such that he or she would not be deceived into purchasing Changzhou's product. (ECF No. 24 at 18.)

Under 35 U.S.C. § 102(a), a patent may be anticipated if the claimed invention was described in a printed publication "before the invention thereof by the applicant for patent." 35 U.S.C. § 102(a). The "reference must describe the applicant's claimed invention sufficiently to have placed a person of ordinary skill in the field of the invention in possession of it." *In re Spada*, 911 F.2d 705, 708 (Fed.Cir.1990). In order to anticipate, the prior art reference also must enable one of ordinary skill in the art to make the invention without undue experimentation. *Impax Labs., Inc. v. Aventis Pharms. Inc.*, 545 F.3d 1312, 1314 (Fed.Cir.2008). Changzhou lists several examples of what it contends are publicly disclosed prior art, including prior public displays of Future Motion's own Board. (ECF No. 24 at 19-24.) It is Future Motion's (or at least the patent holder's) own disclosures that Changzhou argues show a lack of candor and bad faith. (ECF No. 45 at 7-8.)

Changzhou's arguments present plausible defenses to the underlying claims, but they do not show that Future Motion acted improperly in seeking a TRO or that the Court was mistaken in issuing it. Future Motion responds that the prior disclosures do not show all of the Board's features and are therefore not anticipatory. (ECF No. 42 at 15.) Thus, what Changzhou characterizes as bad faith and a lack of candor is in fact a common dispute over facts and law that arises in patent cases.

///

### 2. Utility Patent

Similarly, Changzhou argues that the utility patent is both invalid and, if valid, its product does not infringe upon it. (ECF No. 24 at 26-31.) As with the design patent, Changzhou argues that the utility patent is invalidated by Future Motion's own prior public disclosures. (ECF No. 24 at 31.) Future Motion again argues that the disclosure does not invalidate the patent. (ECF No. 42 at 16.) This dispute, as discussed above, does not show bad faith or a lack of candor on Future Motion's part in moving for the TRO. The remainder of Changzhou's proffered utility patent defense involves a discussion of the merits of the claim, including claim construction and a comparison of Changzhou's product. (ECF No. 24 at 26-30.) This is a legal defense on the merits and not evidence that Future Motion acted improperly in seeking the TRO.

### C. Attorney's Fees

Changzhou asks the Court to grant attorney's fees pursuant to either Rule 11 or the Court's inherent power. Rule 11 is intended to deter baseless filings." *Newton v. Thomason*, 22 F.3d 1455, 1463 (9th Cir.1994). The rule justifies sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. County of L.A.*, 120 F.3d 982, 985 (9th Cir.1997). Rule 11, however, "is not intended to permit sanctions just because the court later decides that the lawyer is wrong." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir.1987) (internal quotes omitted). "A court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Alternatively, a court may impose sanctions based on its inherent powers. "When a losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons sanctions under the court's inherent powers may take the form of attorney's fees." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (internal citation and quotes omitted).

The Court finds that there are no grounds for imposing sanctions based on either Rule 11 or its inherent powers. Changzhou argues that Future Motion's filings were not

properly researched and that Future Motion acted in bad faith because it knew or should have known that prior art was disclosed before filing for its patents, and therefore its patents are invalid as a matter of law. (ECF No. 39 at 6.) For many of the same reasons discussed above, the Court finds Changzhou has not shown that Future Motion acted in bad faith. Essentially, Changzhou argues that their theory of the case (which is disputed by Future Motion and has not been ruled upon by this Court) is so indisputably correct that it retroactively makes any inconsistent filings frivolous. This is a bold argument, but it falls short of demonstrating bad faith or an improper purpose.

### D.     Other Relief

Changzhou additionally asks the Court to order Future Motion to issue a press release notifying the public that it voluntarily dismissed its case and to enter an order explicitly dissolving the TRO. The Court finds no basis for awarding either of these requests.

To the extent that Changzhou's request for an order dissolving the TRO is a request for clarification, the Court clarifies that the TRO issued on January 1, 2016 (ECF No. 11) dissolved upon Future Motion's notice of voluntary dismissal, which was filed on February 2, 2016 (ECF No. 35).

### IV.    CONCLUSION

It is therefore ordered that Defendant's Motion for Attorney Fees and Costs (ECF No. 39) is denied.

DATED THIS 3rd day of October 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE